

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAR 17 2003

DAVID J. MALAND, CLERK

BY
DEPUTY _____

---

CISCO SYSTEMS, INC. AND CISCO
TECHNOLOGY, INC.,

　　　　　　　　　　　　Plaintiffs,

v.

HUAWEI TECHNOLOGIES CO., LTD., HUAWEI
AMERICA, INC. AND FUTUREWEI
TECHNOLOGIES, INC.,

　　　　　　　　　　　　Defendants.

Civil Action No.: 2:03-CV-027 TJW

---

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS HUAWEI TECHNOLOGIES CO., LTD., HUAWEI AMERICA AND FUTUREWEI TECHNOLOGIES, INC.

Defendants Huawei Technologies Co., Ltd.("Huawei"), Huawei America ("Huawei America"), and FutureWei Technologies, Inc. ("FutureWei") (collectively "Defendants"), hereby answer and respond to the complaint of Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. ("Cisco") as follows:

### ANSWER

1.　　　Defendants admit that Huawei is a Chinese company, that Huawei America and FutureWei are United States subsidiaries, and that Huawei and Futurewei compete with Cisco. Defendants deny the remaining allegations in this paragraph. Fearing competition from Huawei, a respected world-leader in the development of telecommunications and network equipment, Plaintiffs have engaged in a campaign of misinformation, including the dissemination of patently false and misleading statements regarding Defendants' business practices and products. This campaign is consistent with Plaintiffs' past and continuing efforts to erect barriers to entry into the router market. Because of its dominance, new entrants in the router market must produce

Answer and Counterclaims of Defendants Huawei
Technologies Co., Ltd., Huawei America, and
FutureWei Technologies, Inc.

products that are compatible and can work with Plaintiffs' products. Plaintiffs have sought to stymie new entrants by hampering compatibility through such methods as deviating from international standard protocols. This suit is a continuation of Plaintiffs' efforts to secure for themselves a lock on the router market, free from having to provide consumers with the price and quality benefits that would flow from competition.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of the Complaint, and deny the allegation on that basis.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 of the Complaint, and deny the allegation on that basis.

4.      Defendants admit that Huawei is a foreign corporation with its principal place of business in the People's Republic of China and that it is a multi-billion dollar company conducting business throughout the world in the manufacturing and sale of network and telecommunications equipment. Defendants deny the remaining allegations in paragraph 4 of the Complaint.

5.      Defendants deny that FutureWei is wholly owned by Huawei and deny that FutureWei currently maintains office in San Jose. Defendants admit the remaining allegations in paragraph 5 of the Complaint.

6.      Defendants admit that Huawei America is a corporation organized and existing under the laws of the state of California but deny that Huawei America is wholly owned by Huawei. Defendants admit that Huawei America's registered agent is James Yan, 3772 Sun West Terrace, Fremont, CA 94555. Defendants allege that at all times relevant to this action, Huawei America has been inactive. Defendants deny the remaining allegations in paragraph 6 of the Complaint.

7.      Defendant Futurewei admits that it transacts business and is found in this judicial

district through its offices in Plano, Texas. Defendants Huawei Technologies and Huawei America deny having offices in this judicial district nor do they conduct business here.

(a)     Defendants denies that Huawei is currently selling network routers in this judicial district.

(b)     Defendants deny that Huawei has made commercial sales in the United States.

(c)     Defendants admit that Huawei and FutureWei each operate a website for the purpose of promoting some products, that Huawei and FutureWei websites can be accessed by those in this district for information about some products, including information about Quidway routers, and that FutureWei's website can be accessed by those located in this district for employment opportunities with FutureWei, which is located in the United States. Defendants deny the remaining allegations in paragraph 7(c) of the Complaint.

(d)     Defendants deny the allegations in paragraph 7(d) of the Complaint.

(e)     Defendants admit that the purpose of FutureWei is to conduct business in the United States and that FutureWei sales office in Plano, Texas conducts business in this district. Defendants deny that FutureWei is currently promoting or selling the alleged infringing products. Defendants deny the remaining allegations in paragraph 7(e) of the Complaint.

(f)     Defendants admit that Huawei America was created to do business in the United States. Defendants deny the remaining allegations in paragraph 7(f) of the Complaint.

(g)     Defendants admit that Cisco has filed a complaint against the three named defendants. Defendants deny the remaining allegations in paragraph 7(g) of the Complaint.

8.     Defendants admit the allegation in paragraph 8.

9.     Defendants admit that venue for this action is proper and deny the remaining allegations in paragraph 9 of the Complaint.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in the first, second, fifth, and sixth sentences of paragraph 10 and deny the allegations on that basis. The Defendants are informed and believe

and on that basis admit and allege the remaining allegations set forth in paragraph 10 of the Complaint.

11.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 and deny the allegations on that basis.

12.    Defendants admit that in 2002 they introduced for sale in the United States a line of routers referred to as "Quidway routers" that they believe to operate as well as routers produced by any other manufacturer, including Cisco. Defendants admit that they sell the Quidway routers in a number of foreign countries. Defendants admit that Huawei's Vice President, Fei Min, recently stated that "all the world's leading equipment suppliers are our learning models." Defendants deny the remaining allegations in paragraph 12 of the Complaint.

13.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 13 of the Complaint and deny the allegation on that basis.

14.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 14 of the Complaint and deny the allegation on that basis.

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 15, and deny the allegation on that basis.

16.    Defendants deny the allegations of Paragraph 16.

17.    Defendants admit that there are some similarities between some of the commands of the CLI for the Cisco's IOS and for the Defendants' VRP, based upon functional requirements or standard terminology. Defendants further admit that Cisco's CLI can be visually observed during the operation of a Cisco router and is published in Cisco's user manuals. Defendants deny each and every remaining allegation in paragraph 17, deny that Cisco's CLI is copyrighted, and deny that Cisco's CLI can be protected by United States copyright law.

18.    Defendants admit that it may have informed customers that those familiar with

Cisco routers will find it easy to handle Quidway routers. Defendants deny the allegations contained in the last sentence of paragraph 18 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 18 and deny the remaining allegation on that basis.

19. Defendants admit that the operating system for the Quidway routers is known as "VRP," which stands for Versatile Routing Platform. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 19 and deny the remaining allegation on that basis.

20. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first, second, and fourth sentences. Defendants deny the allegation in the third sentence that VRP contains "large portions" of text strings identical to IOS text strings. Defendants aver that VRP source code consists of over 1.7 million lines of source code. Defendants deny the allegation in the fifth sentence that they had access to or copied the entire IOS source code. Defendants deny the remaining allegations contained in paragraph 20 of the Complaint.

21. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis deny each and every of those allegations.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 22 and deny such allegations on that basis. Defendants deny each and every remaining allegation in paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 and deny those allegations on that basis.

24. Defendants admit the first sentence of paragraph 24 of the Complaint. Defendants lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 23 and deny those allegations on that basis.

Answer, Affirmative Defenses, and Counterclaims
of Defendants Huawei Technologies Co., Ltd.,
Huawei America, and FutureWei Technologies, Inc.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

## COUNT ONE

### (Patent Infringement – '032 Patent)

28. Defendants reallege and incorporate by reference herein each and every allegation contained in their responses to paragraphs 1-27.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29, and on that basis deny those allegations.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

## COUNT TWO

### (Patent Infringement – '599 Patent)

33. Defendants reallege and incorporate by reference herein each and every allegation contained in their responses to paragraphs 1-32.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34, and on that basis deny those allegations.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

## COUNT THREE

### (Patent Infringement – '704 Patent)

38. Defendants reallege and incorporate by reference herein each and every allegation contained in their responses to paragraphs 1-37.

39. Defendants lack knowledge or information sufficient to form a belief as to the

Answer, Affirmative Defenses, and Counterclaims
of Defendants Huawei Technologies Co., Ltd.,
Huawei America, and FutureWei Technologies, Inc.

truth or falsity of the allegations in paragraph 39, and on that basis deny those allegations.

40.   Defendants deny the allegations in paragraph 40.

41.   Defendants deny the allegations in paragraph 41.

42.   Defendants deny the allegations in paragraph 42.

## COUNT FOUR

### (Patent Infringement – '718 Patent)

43.   Defendants reallege and incorporate by reference herein each and every allegation contained in their responses to paragraphs 1-42.

44.   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44, and on that basis deny those allegations.

45.   Defendants deny the allegations in paragraph 45.

46.   Defendants deny the allegations in paragraph 46.

47.   Defendants deny the allegations in paragraph 47.

## COUNT FIVE

### (Patent Infringement – '251 Patent)

48.   Defendants reallege and incorporate by reference herein each and every allegation contained in their responses to paragraphs 1-47.

49.   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49, and on that basis deny those allegations.

50.   Defendants deny the allegations in paragraph 50.

51.   Defendants deny the allegations in paragraph 51.

52.   Defendants deny the allegations in paragraph 52.

## COUNT SIX

### (Copyright Infringement – IOS source code and CLI)

53.   Defendants reallege and incorporate by reference herein each and every allegation contained in their responses to paragraphs 1-52.

Answer, Affirmative Defenses, and Counterclaims
of Defendants Huawei Technologies Co., Ltd.,
Huawei America, and FutureWei Technologies, Inc.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54, and on that basis deny those allegations.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants deny the allegations in paragraph 56.

## COUNT SEVEN

### (Copyright Infringement – IOS manuals)

57.     Defendants reallege and incorporate by reference herein each and every allegation contained in their responses to paragraphs 1-56.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58, and on that basis deny those allegations.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants deny the allegations in paragraph 60.

## COUNT EIGHT

### (Trade Secret Misappropriation)

61.     Defendants reallege and incorporate by reference herein each and every allegation contained in their responses to paragraphs 1-60.

62.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62, and on that basis deny each and every one of those remaining allegations.

63.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63, and on that basis deny those allegations.

64.     Defendants deny the allegations in paragraph 64.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants deny the allegations in paragraph 67.

## COUNT NINE

Answer, Affirmative Defenses, and Counterclaims
of Defendants Huawei Technologies Co., Ltd.,
Huawei America, and FutureWei Technologies, Inc.

(Common Law Misappropriation)

68.     Defendants reallege and incorporate by reference herein each and every allegation contained in their responses to paragraphs 1-67.

69.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69, and on that basis deny those remaining allegations.

70.     Defendants deny the allegations in paragraph 70.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71, and on that basis deny those g allegations.

72.     Defendants deny the allegations in paragraph 72.

## COUNT TEN

(False Representation – Lanham Act §43(a))

73.     Defendants reallege and incorporate by reference herein each and every allegation contained in their responses to paragraphs 1-72.

74.     Defendants admit that they may have represented to customers that the Quidway routers are compatible with Cisco routers.  Defendants deny the remaining allegations contained in paragraph 74.

75.     Defendants deny the allegations contained in paragraph 75.

76.     Defendants deny the allegations contained in paragraph 76.

## COUNT ELEVEN

(Unfair Competition – Texas Common law and Lanham Act §44)

77.     Defendants reallege and incorporate by reference herein each and every allegation contained in their responses to paragraphs 1-77.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78, and on that basis deny those allegations.

79.     Defendants deny the allegations contained in paragraph 79.

80.     Defendants deny the allegations contained in paragraph 80.

## COUNT TWELVE

81.     Defendants reallege and incorporate by reference herein each and every allegation contained in their responses to paragraphs 1-80.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 82, and on that basis deny those remaining allegations.

83.     Defendants deny the allegations contained in paragraph 83.

84.     Defendants deny the allegations contained in paragraph 84.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

85.     Defendants have not and are not now infringing, contributorily infringing, or inducing infringement of any of the claims of any of the patents-in-suit.

### SECOND AFFIRMATIVE DEFENSE

86.     The patents-in-suit and each of the claims allegedly infringed by the defendant are invalid for failure to comply with one or more of the conditions for patentability specified in 35 U.S.C. §§101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

87.     The patents-in-suit are unenforceable due to patent misuse. Specifically, Cisco conditioned negotiated resolution of this suit on Defendants' agreement to cease marketing of the allegedly infringing product worldwide. This impermissibly broadened the scope of the patents-in-suit, with anticompetitive effects.

### FOURTH AFFIRMATIVE DEFENSE

88.     Cisco's claims are barred by the equitable doctrines of laches, estoppel, prosecution history estoppel, waiver, implied license, and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

89. Cisco's state law claims are preempted by operation of federal law.

## SIXTH AFFIRMATIVE DEFENSE

90. Cisco's claims fail based on knowledge acquired via independent development.

## SEVENTH AFFIRMATIVE DEFENSE

91. Cisco's claims are barred under 17 U.S.C. § 107 by the doctrine of fair use.

## EIGHTH AFFIRMATIVE DEFENSE

92. Cisco's claims are barred by Cisco's abandonment of any copyrights or trade secrets relating to its products.

## NINTH AFFIRMATIVE DEFENSE

93. Cisco's claims are barred by the doctrine of copyright misuse.

## TENTH AFFIRMATIVE DEFENSE

94. Cisco's claims are barred because profits, if any, from sale of products or other acts alleged to infringe Cisco's copyrights and trade secrets are offset by deductible expenses and elements of profit attributable to factors other than the allegedly copyrighted or trade secret works.

## ELEVENTH AFFIRMATIVE DEFENSE

95. Cisco's claims are barred because the materials alleged by Cisco to include Cisco's copyrights, proprietary information, or trade secret interest are not owned by Cisco, and/or are in the public domain.

## TWELFTH AFFIRMATIVE DEFENSE

96. Cisco's claims are barred to the extent they are brought after the running of applicable statutes of limitations, such as Tex. Civ. Prac. & Rem. Code § 16.010.

## COUNTERCLAIMS

For their counterclaims, the Defendants allege as follows:

## PARTIES

97. Huawei is a foreign corporation with its principal place of business in the

11        Answer, Affirmative Defenses, and Counterclaims
          of Defendants Huawei Technologies Co., Ltd.,
          Huawei America, and FutureWei Technologies, Inc.

People's Republic of China.

98.  FutureWei is a Texas corporation with its principal place of business at 1700 Alma Drive, Plano, Texas.

99.  On information and belief, Cisco Systems is a California corporation with its principal place of business in San Jose, California.

100.  On information and belief, Cisco Technology is a California corporation with its principal place of business in San Jose, California.

## JURISDICTION AND VENUE

101.  The Defendants counterclaim arise out of the same transaction or occurrence that is the subject matter of the claims made by Cisco. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§1331, 1338(a), 2201, and 2202.

102.  Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c).

## GENERAL ALLEGATIONS

103.  On or about Jan. 22, 2003, Cisco filed the present lawsuit against the Defendants, alleging patent and copyright infringement, trade secret and common law misappropriation, false representation and unfair competition under the Lanham Act, unfair competition under Texas common law, and conversion.

104.  In its Complaint, Cisco alleged that the Defendants infringe the patents-in-suit. A justiciable controversy therefore exists between Cisco and the Defendants regarding the infringement and validity of the patents-in-suit.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement)

105.  This Claim arises under the Federal Declaratory Relief Act and the Patent Laws of the United States, particularly 28 U.S.C. §§2201 and 2202 and 35 U.S.C. §§1, et. seq.

106.  Defendants are not now infringing, contributorily infringing, or inducing infringement of the patents-in-suit. Defendants have not infringed, contributorily infringed, or

induced infringement of the patents-in-suit.

107.    Defendants are entitled to a declaratory judgment that they have not infringed and do not infringe directly or indirectly, contributorily or by inducement, any of the patents-in-suit.

## SECOND COUNTERCLAIM

(Declaratory Judgment of Invalidity)

108.    This Claim arises under the Federal Declaratory Relief Act and the Patent Laws of the United States, particularly 28 U.S.C. §§2201 and 2202 and 35 U.S.C. §§1, et. seq.

109.    Each claim of the patents-in-suit are invalid for failure to comply with one or more of the conditions of patentability specified in 35 U.S.C. §§101, 102, 103, and/0r 112. Defendants are entitled to a declaratory judgment that the patents-in-suit are invalid.

## THIRD COUNTERCLAIM

(Unfair competition)

110.    The allegations in this paragraph are made on information and belief. Plaintiffs have engaged in a an anticompetitive campaign directed at Huawei, its employees, and its products, and have intentionally interfered with and attempted to interfere with Huawei's business by unfair means.  These means include statements demeaning the quality and performance of Defendants' products and about the methods by which Defendants have designed, produced, and marketed its products.  Moreover, Plaintiffs have misused their patents, in an attempt, among other things, to prevent Huawei from lawfully interoperating with plaintiffs' routers and equipment.  Among the false and misleading statements are allegations that Defendants have based the entire operating system for their Quidway routers on stolen source code, that Defendants engaged in the theft of this source code, and that Defendants' products are "inferior," "clones," or "knock-offs."  In addition, Plaintiffs have caused to be disseminated to customers and the public untrue statements concerning Huawei's lawful and proper participation in a U.N. sanctioned Oil for Food program and its subsequent public

withdrawal from that program. Such conduct and representations are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Tex. Bus. Code § 16.29, and the Texas common law of unfair competition.

### PRAYER FOR RELIEF

111. On Cisco's claims, find that plaintiff Cisco shall take nothing in this action against Defendants.

112. On Defendants' first counterclaim, grant Defendants declaratory judgment that the patents-in-suit are not now, and have never been, infringed by the Defendants or anyone using the Defendants' products, and that Defendants have not induced or contributorily infringed the patents-in-suit.

113. On Defendants' second counterclaim, grant Defendants declaratory judgment that the patents-in-suit are invalid, void, and/or unenforceable against Defendants.

114. On Defendants' third counterclaim, grant Defendants appropriate injunctive relief, damages in an amount to be determined at trial for Plaintiffs' acts of unfair competition, and punitive damages in an amount to be determined at trial on account of Plaintiffs' willful acts of unfair competition.

115. Award Defendants' costs and reasonable attorneys' fees.

116. For such other, further, and different relief as the Court deems proper under the circumstances.

DATED: March 17, 2003

By _____ OL Carroll _____

Otis Carroll -- Attorney-In-Charge
State Bar No.
Wesley Hill
State Bar No.
IRELAND, CARROLL &
KELLEY, P.C.
6101 S. Broadway, Ste. 500
Tyler, TX 75703
(903) 561-1600
(903) 581-1071 (fax)

Franklin Jones, Jr.
State Bar No.
JONES AND JONES, P.C.
201 W. Houston Street
P.O. Drawer 1249
Marshall, TX 75671
(903) 938-4395
(903) 938-3360 (fax)

HUAWEI TECHNOLOGIES, INC.
HUAWEI AMERICA, INC., AND
FUTUREWEI TECHNOLOGIES, INC.

OF COUNSEL:
HELLER EHRMAN WHITE & McAULIFFE LLP
Robert T. Haslam (Ca. State Bar No. 71134)
Stanley Young (Ca. State Bar No. 121180)
Michael M. Markman (Ca. State Bar No. 191388)
Tawen Chang (Ca. State Bar No. 215512)
275 Middlefield Road
Menlo Park, CA 94025
Telephone:  (650) 324-7000
Facsimile:  (650) 324-0638

David Harth (Wis. State Bar No. 10104)
David Jones (Wis. State Bar No. 1026694)
One East Main Street
Suite 201
Madison, Wisconsin 53703
Telephone:  (608) 663-7460
Facsimile:  (608) 663-7499

SV 423288 v3
3/17/03 3:29 PM (39812.0001)

Answer, Affirmative Defenses, and Counterclaims
of Defendants Huawei Technologies Co., Ltd.,
Huawei America, and FutureWei Technologies, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all parties via U.S. mail and/or electronic delivery this _17th_ day of _March_, _2003_.

J. Wesley Hill