TENDERED
FOR FILING
ON
JUN 1 0 2003

FILED
U. S. DISTRICT COURT
Eastern District of Texas

JUL 7 2003

DAVID MALAND, CLERK
By
Deputy _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC. AND CISCO TECHNOLOGY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD., HUAWEI AMERICA, INC. AND FUTUREWEI TECHNOLOGIES, INC.,<br><br>Defendants. | Civil Action No.: 2:03-CV-27 TJW<br>Hon. T. John Ward |
| 3COM CORPORATION,<br><br>Intervenor,<br><br>v.<br><br>CISCO SYSTEMS, INC. AND CISCO TECHNOLOGY, INC.,<br><br>Intervention Defendants. | |

### INTERVENTION COMPLAINT FOR DECLARATORY JUDGMENT BY INTERVENOR 3COM CORPORATION

1. For its Intervention Complaint, Intervenor 3Com Corporation ("3Com") hereby alleges as follows:

#### PARTIES

2. Intervenor 3Com is a Delaware corporation with its principal place of business in Santa Clara, California.

3. Defendants in this case are Huawei Technologies Co., Ltd. ("Huawei"), Huawei America ("Huawei America"), and FutureWei Technologies, Inc. ("FutureWei") (collectively

"Defendants").

4. On information and belief, Huawei is a foreign corporation with its principal place of business in the People's Republic of China.

5. On information and belief, FutureWei is a Texas corporation with its principal place of business at 1700 Alma Drive, Plano, Texas.

6. On information and belief, Plaintiff Cisco Systems is a California corporation with its principal place of business in San Jose, California.

7. On information and belief, Cisco Technology is a California corporation with its principal place of business in San Jose, California.

## JURISDICTION AND VENUE

8. 3Com's claims in this Intervention Complaint arise out of the same transaction or occurrence that is the subject matter of the claims and counterclaims of Plaintiffs and Defendants in this action. This Court has subject matter jurisdiction over these claims and counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), 2201, and 2202.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## GENERAL ALLEGATIONS

10. On or about January 22, 2003, Cisco initiated this lawsuit against the Defendants, alleging patent and copyright infringement, trade secret and common law misappropriation, false representation and unfair competition under the Lanham Act, unfair competition under Texas common law, and conversion.

11. In its Complaint, Cisco alleged that the Defendants infringe the patents-in-suit. A justiciable controversy therefore exists between Cisco and the Defendants regarding the infringement and validity of the patents-in-suit. Cisco's allegations as set forth in its Complaint, and Defendants' Answer to those allegations, are hereby incorporated as part of this Intervention Complaint by reference.

12. 3Com and Huawei have agreed to form a joint venture ("JV") to sell networking

products manufactured in China by Huawei and/or the JV. The proposed JV's products are similar to the products accused of infringement in this litigation and 3Com is reasonably apprehensive that the JV's products will be accused of infringement if sold in or imported into the United States.

## CLAIM ONE

(Declaratory Judgment of Invalidity)

13. This Claim arises under the Federal Declaratory Relief Act and the Patent Laws of the United States, particularly 28 U.S.C. §§2201 and 2202 and 35 U.S.C. §§1, et. seq.

14. Each claim of the patents-in-suit is invalid for failure to comply with one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112. 3Com is entitled to a declaratory judgment that the patents-in-suit are invalid.

## CLAIM TWO

(Unfair Competition)

15. The allegations in this paragraph are made on information and belief. Plaintiffs have engaged in an anticompetitive campaign directed at 3Com's intended joint-venture partner, Huawei, its employees, and its products, and have intentionally interfered with and attempted to interfere with Huawei's business by unfair means. These means include statements demeaning the quality and performance of Defendants' products and about the methods by which Defendants have designed, produced, and marketed its products. Moreover, Plaintiffs have misused their patents, in an attempt, among other things, to prevent Huawei from lawfully interoperating with plaintiffs' routers and equipment. Among the false and misleading statements are allegations that Defendants have based the entire operating system for their Quidway routers on stolen source code, that Defendants engaged in the theft of this source code, and that Defendants' products are "inferior," "clones," or "knock-offs." In addition, Plaintiffs have caused to be disseminated to customers and the public untrue statements concerning Huawei's lawful and proper participation in a U.N. sanctioned Oil for Food program and its subsequent public withdrawal from that program. These allegations also apply, implicitly, to the

3Com-Huawei joint venture being formed. Such conduct and representations are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Tex. Bus. Code § 16.29, and the Texas common law of unfair competition.

## CLAIM THREE

(Declaratory Judgment Relating to Sale of New Routers, Switches and Related Networking Products Containing New Versions of VRP Software and Documentation in the U.S.)

16.   This Claim arises under the Federal Declaratory Relief Act, the Patent Laws of the United States, particularly 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. §§ 1, et. seq., and the Copyright Laws of the United States, particularly 17 U.S.C. §§ 101, et. seq. Jurisdiction is also appropriate under 28 U.S.C. § 1367 as to the declaratory relief sought by Intervenor relating to Cisco's claims against Defendants, and potential claims against the JV, under Texas law and common law.

17.   On information and belief, prior to the filing of the present action, and in response to allegations made by Cisco in correspondence and the press, Defendants ceased selling and offering to sell their Quidway line of routers and switches containing versions 1.5.6, 1.7 or other prior versions of the Versatile Routing Platform (VRP) software, and associated documentation, in the United States.

18.   Cisco, in its allegations in the Complaint and in pleadings filed in this action, has alleged that routers and switches imported into, or sold in, the United States violated various intellectual property rights of Cisco and various statutes or common law. Before again selling or offering to sell routers and/or switches and related networking equipment that have been accused of infringement by Cisco in the United States, Defendants voluntarily undertook a significant effort to make revisions to those products, namely modifications and upgrades to their VRP software, the command line interface ("CLI"), and the documentation and other aspects of those products (hereinafter referred to as "Upgraded Products"). This effort was not an admission of liability, but such modifications and upgrades were also intended to address Cisco's stated concerns and allegations. Defendants' modifications and upgrades to the VRP software reflect

their, 3Com's, and the JV's desire to vigorously compete against Cisco in the marketplace, rather than fight in the United States District Court.

19. Defendants' modifications and upgrades include the removal of the module of their VRP software responsible for implementing the EIGRP protocol, alleged by Cisco to be a copy of or otherwise derived from Cisco's Internetworking Operating System (IOS). Defendants substantially revised the CLI used as a method of operation for the VRP software, despite the fact that United States law did not require such action. Defendants also revised the manuals that instruct users on the operation of the VRP software with networking products.

20. Intervenor 3Com and Defendant Huawei Corporation have agreed to and announced that they intend to form a joint venture and to pursue various business opportunities, including the resale of networking products under the 3Com brand name and trademark. These business opportunities will have as one of their purposes the sale and marketing of Upgraded Products in the United States and will compete against Cisco in the United States market.

21. Defendants' revisions are now complete and Defendants, 3Com, and/or the JV imminently intend to import, market and sell Upgraded Products in the United States. A justiciable controversy exists between Cisco and Intervenor 3Com given Cisco's allegations of wholesale copyright infringement, patent infringement, trade secret misappropriation, and violations of Texas law relating to any networking product that utilizes VRP software. Based on, among other things, Cisco's allegations in the complaint, pleadings and hearings during this action and statements in the press attributed to or released by Cisco, there is a clear and immediate threat that as soon as Upgraded Products are imported into, offered for sale, or sold in the United States, Cisco will accuse 3Com and/or the JV of violating various intellectual property rights of Cisco and various statutes and laws.

22. 3Com seeks judgment that the importation, use, marketing, sale, copying, and distribution of, and the making of derivative works from, the revised VRP software, Upgraded Products utilizing that software, and revised manuals and documentation relating to the operation of such products and software in the United States:

    a.    does not infringe any valid copyright of Cisco;

    b.    does not constitute or otherwise represent or reflect the misappropriation by 3Com of any Cisco trade secret;

    c.    does not represent a violation of Texas statutory or common law misappropriation, conversion, or unfair competition; and

    d.    does not violate sections 43(a) or 44 of the Lanham Act.

## CLAIM FOUR

(Declaratory Judgment of Non-Infringement)

23. This Claim arises under the Federal Declaratory Relief Act and the Patent Laws of the United States, particularly 28 U.S.C. §§2201 and 2202 and 35 U.S.C. §§1, et. seq.

24. Defendants' and Intervenor's use, sale, or offers for sale of the revised version of the VRP software and Upgraded Products in the United States will not infringe, contributorily infringe, or induce infringement of the patents-in-suit.

25. 3Com is entitled to a declaratory judgment that use, sale, and offers for sale of the revised version of the VRP software and Upgraded Products in the United States will not infringe directly or indirectly, contributorily or by inducement, any of the patents-in-suit.

## PRAYER FOR RELIEF

WHEREFORE, 3Com respectfully requests that this Court enter judgment in its favor and against Cisco and grant the following relief:

    A.    On Cisco's claims, find that plaintiff Cisco shall take nothing in this action against 3Com.

    B.    On 3Com's first claim, grant Intervenor declaratory judgment that the patents-in-suit are invalid, void, and/or unenforceable against 3Com.

    C.    On 3com's second claim, grant 3Com appropriate injunctive relief, damages in an amount to be determined at trial for Plaintiffs' acts of unfair competition, and punitive damages in an amount to be determined at trial on account of Plaintiffs'

willful acts of unfair competition.

D. On 3Com's third claim, grant 3Com declaratory judgment that the use, sale, offer for sale, copying, and distribution of, and making of derivative works from the revised version of Defendants' Versatile Routing Platform (VRP) software and Upgraded Products that utilize this software in the United States:

   i. does not infringe any valid copyright of Cisco;

   ii. does not constitute or otherwise represent or reflect the misappropriation by 3Com of any Cisco trade secret;

   iii. does not represent a violation of Texas law or common law misappropriation, conversion, or unfair competition; and

   iv. does not violate sections 43(a) or 44 of the Lanham Act.

E. On 3Com's fourth claim, grant 3Com declaratory judgment that the use, sale, and offer for sale of the revised version of VRP for the United States market will not infringe the patents-in-suit directly or by inducement or contributory infringement.

F. Award 3Com's costs and reasonable attorneys' fees.

G. For such other, further, and different relief as the Court deems proper under the circumstances.

DATED: June 10th, 2003

By /s/ Eric M. Albritton

Eric M. Albritton*
Texas State Bar No. 00790215
Elizabeth L. DeRieux
Texas State Bar No. 05770585
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (office)
(903) 758-7397 (fax)

*Attorney In Charge

ATTORNEYS FOR INTERVENOR
3COM CORPORATION

OF COUNSEL:
WILSON SONSINI GOODRICH & ROSATI
Michael A. Ladra (Cal. SBN 64307)
Michael B. Levin (Cal. SBN 172329)
650 Page Mill Road
Palo, Alto, CA 94304
(650) 493-9300 (office)
(650) 565-5100 (fax)